IRENE KARBELASHVILI, Esq. (SBN 232223)
IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
irakli@allaccesslawgroup.com
1400 Coleman Ave Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142

Attorneys for Plaintiffs
ANDREW ROBLES, MALISA ROBLES, and DANIEL ROBLES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ROBLES, MALISA ROBLES, and DANIEL ROBLES; <br><br> Plaintiffs, <br><br> v. <br><br> PEARTREE SAN DIMAS CONDOMINIUM ASSOCIATION, and LORDON ENTERPRISES, INC., dba LORDON MANAGEMENT COMPANY; <br><br> Defendants. | CASE NO.  24-7824 <br> <u>Civil Rights</u> <br><br> COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: <br><br> 1) Violation of the Federal Fair Housing Act (42 USC § 3601 *et seq.*) <br><br> 2) Violation of the California Fair Employment and Housing Act (Gov't Code § 12926 *et seq.*) <br><br> 3) Violation of the California Disabled Persons Act (Civil Code § 54 *et seq.*) <br><br> 4) Violation of the California Unruh Act (Civil Code § 51(b)) <br><br> <u>DEMAND FOR JURY TRIAL</u> |

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    Plaintiffs ANDREW ROBLES, MALISA ROBLES, and DANIEL ROBLES

2    complain of Defendants PEARTREE SAN DIMAS CONDOMINIUM

3    ASSOCIATION, and LORDON ENTERPRISES, INC., dba LORDON

4    MANAGEMENT COMPANY, and allege as follows:

5    1.    **INTRODUCTION:**  Plaintiffs ANDREW ROBLES, MALISA

6    ROBLES, AND DANIEL ROBLES bring this action against the PEARTREE SAN

7    DIMAS CONDOMINIUM ASSOCIATION and LORDON ENTERPRISES, INC.,

8    dba LORDON MANAGEMENT COMPANY ("Defendants"). Defendants are

9    responsible for overseeing the management, maintenance, and enforcement of

10    living rules at the condominium project located at the intersection of S Lone Hill

11    Ave & W Covina Blvd in San Dimas, CA 91773 ("Property").

12    2.    Plaintiffs repeatedly requested reasonable accommodations from

13    Defendants for ANDREW ROBLES' disability but were denied at every turn.

14    Specifically, Plaintiffs MALISA ROBLES and DANIEL ROBLES placed a bench

15    outside near the entrance door to their condominium at the Property to assist

16    ANDREW ROBLES in resting when coming and going from the house. Although

17    Defendants had actual knowledge of ANDREW ROBLES' disability, they fined

18    Plaintiffs $3,400 to date for not removing the bench. Even after repeated

19    explanations that the bench serves as a necessary and reasonable accommodation

20    for the disability, Defendants have been unwilling to rescind the fines.

21    3.    By this action, Plaintiffs seek injunctive relief and compensation for

22    experiencing the discrimination they faced and continue to face from Defendants.

23    4.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant

24    to 28 U.S.C. section 1331 for violations of the Fair Housing Act, 42 USC

25    sections 3601 *et seq*.  This Court has jurisdiction over the supplemental state-law

26    claims brought under California law pursuant to 28 U.S.C. section 1367.

27    5.    **VENUE:**  Venue is proper in this court pursuant to 28 U.S.C.

28    section 1391(b) and is founded on the fact that the real property which is the subject

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

2

of this action is located in this district and that Plaintiff's causes of action arose in this district.

6.     **PARTIES:**  Plaintiff ANDREW ROBLES is a person with physical disabilities who has difficulty walking long distances and at times requires the use of a wheelchair or other assistive devices for mobility due to Osteogenesis imperfecta, a condition that results in fragile bones that break easily. As a result, ANDREW ROBLES is unable to use facilities that are not accessible to mobility-disabled persons. He lives with disabilities that substantially limit one or more major life activities, particularly his ability to walk and climb stairs. ANDREW ROBLES has been issued a California state placard for disabled parking. ANDREW ROBLES is, and at all times herein relevant, was a "handicapped person" as defined by 42 U.S.C. section 3602, and a "person with a disability" as defined in 29 U.S.C. section 705(9)(B), California Government Code section 12926, the Unruh Civil Rights Act, California Civil Code section 51, the Disabled Persons Act, California Civil Code section 54.1, and Civil Code section 3345. During all relevant times, ANDREW ROBLES was, and currently is, a resident with his parents, MALISA ROBLES and DANIEL ROBLES, at a condominium located at 500 Derby Rd, San Dimas, CA 91773, at the Property.

7.     Plaintiff MALISA ROBLES is ANDREW ROBLES' mother and the wife of DANIEL ROBLES. She is a co-owner, along with her husband, of their condominium at the Property. MALISA ROBLES has suffered fear, anxiety, stress, humiliation and worry due to the effect of Defendants' denial of reasonable accommodations for Plaintiff ANDREW ROBLES. She has suffered actual injury due to Defendants' discriminatory housing practices and thus she is also an "aggrieved person" under 42 U.S.C. § 3602(i) and 42 U.S.C. § 12182(b)(1)(E), California Civil Code §§ 51(f) and 54.1(f).

8.     Plaintiff DANIEL ROBLES is ANDREW ROBLES' father and the husband of MALISA ROBLES. He is a co-owner, along with his wife, of their

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

condominium at the Property. DANIEL ROBLES has suffered fear, anxiety, stress, humiliation and worry due to the effect of Defendants' denial of reasonable accommodations for Plaintiff ANDREW ROBLES. He has suffered actual injury due to Defendants' discriminatory housing practices and thus he is also an "aggrieved person" under 42 U.S.C. § 3602(i) and 42 U.S.C. § 12182(b)(1)(E), California Civil Code §§ 51(f) and 54.1(f).

9. Defendant PEARTREE SAN DIMAS CONDOMINIUM ASSOCIATION ("HOA") is, and was at all relevant times, the homeowner's association of the Property, including Plaintiffs' condominium. Plaintiffs are further informed and believe, and thereon allege, that the HOA is a "person" within the meaning of the FHA, 42 U.S.C. § 3602(d), an "owner" within the meaning of FEHA, Government Code § 12927(e), and a business establishment under the Unruh Act, Civil Code § 51.

10. Defendant LORDON ENTERPRISES, INC., dba LORDON MANAGEMENT COMPANY ("Lordon"), is, and was at all relevant times, the management company of the Property, including Plaintiffs' condominium. Plaintiffs are further informed and believe, and thereon allege, that Lordon is a "person" within the meaning of the FHA, 42 U.S.C. § 3602(d), an "owner" within the meaning of FEHA, Government Code § 12927(e), and a business establishment under the Unruh Act, Civil Code § 51.

11. Defendants are responsible for overseeing the management, maintenance, and enforcement of living rules at the Property.

12. Plaintiffs are informed and believe, and on such information allege, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
4

1     in some manner for the acts and omissions of the other Defendants in proximately

2     causing the damages complained of here. All actions alleged herein were done with

3     the knowledge, consent, approval and ratification of each of the Defendants here,

4     including their managing agents, owners, and representatives.

5          13.    **FACTUAL STATEMENT:** Since the early 1990s, Plaintiffs have

6     been residing at their condominium located at the Property and consistently paid

7     their monthly HOA dues as required by the CC&Rs. To ensure ANDREW

8     ROBLES has a safe place to sit in the event that he needs to rest while coming and

9     going from the home, MALISA and DANIEL ROBLES in 2018 placed a bench

10    outside of their condominium entrance.

11         14.    Starting in June 2021, Defendants began sending letters to Plaintiffs—

12    often dated significantly earlier than when they were actually received—demanding

13    the removal of the bench. As of the date of this lawsuit, Defendants have imposed

14    fines totaling $3,400 for Plaintiffs' refusal to comply.

15         15.    On June 13, 2021, DANIEL ROBLES submitted a letter to Defendants

16    stating:

17
18
19
20
21
      This letter is in response to a letter we received, signed by Delana
      Lopez, requiring us to remove our bench from our front porch. The
      bench is medically necessary for our son and is imperative to his safety.
      As at least two board members are well aware, our son requires
      accommodations based on his disability. Therefore, the bench will need
      to stay in place to assure our son's safety.

22         16.    Despite this explanation, Defendants persisted in their demand for the

23    bench's removal. In a letter dated April 20, 2022 (which Plaintiffs did not become

24    aware of until May 20, 2022) Defendants warned Plaintiffs that if the bench was not

25    removed "within ten (10) days of the date of this letter, it will be removed and

26    placed in the clubhouse for retrieval for no more than 30 days." The letter further

27    claimed that the violation had existed for over a year, with the first letter allegedly

28    sent on May 18, 2021.

17.     On May 20, 2022, a handyman named Bert from Bert's Handyman LLC was dispatched by Lordon to remove the bench. DANIEL ROBLES, alerted by Plaintiffs' security camera, confronted Bert while he was in the process of removing the bench. After explaining the bench's necessity and emphasizing that he had not been notified of its removal, DANIEL ROBLES informed Bert that he would involve law enforcement if necessary. Bert, claiming that he was unaware of the circumstances, returned the bench, and, in the presence of DANIEL ROBLES, called and informed Lordon that he would not proceed with its removal. Bert also handed DANIEL ROBLES the April 20, 2022 letter.

18.     Subsequently in October 2022, Plaintiffs received a letter dated June 24, 2022, from Defendants' counsel, which had been placed on their door by Delana Lopez of Lordon. Instead of permitting Plaintiffs to keep the bench, the letter requested the following:

> For the Board to make a decision about allowing personal property in the common area, it needs to have information concerning the disability and the reason the requested accommodation is needed. This will allow the Board to determine how the disability is related to the requested accommodation. Please provide information concerning your son's disability and why a bench is required within the common area due to the disability. Any information that you provide will be kept confidential.

19.     Given that ANDREW ROBLES' disability was obvious and well known to Defendants, this inquiry exceeded the scope allowed under the FHA and California law. The letter appeared to be an attempt by the HOA to justify the ongoing delay in granting the accommodation request.

20.     Plaintiffs continued to seek Defendants' approval to retain the bench and to rescind the fines. For instance, October 26, 2022, Plaintiffs' neighbors, Henry and Emma Granados, sent a letter to Defendants, stating:[1]

> This letter is in regards to the small bench located outside at 500 Derby

---

[1] Henry Granados was also a board member at the time of this letter.

Rd. It has been there for many years and has not been an issue as far as we are concerned. It is clearly not blocking any entrance or exit way and does not in my opinion cause a safety issue. We have no issue with the bench location and understand that the neighbors' (Robles) son has a medical issue that needs to be accommodated by having this bench outside at 500 Derby Rd.

21.    Defendants did not respond to this letter and continued to impose fines on Plaintiffs for retaining the bench at their home's entrance/exit.

22.    On August 7, 2023, Plaintiffs received another letter from Defendants, dated July 19, 2023, reiterating the demand for the bench's removal.

23.    On August 8, 2023, MALISA ROBLES submitted email the following to the HOA:

Thank you again for taking the time to look into this. Attached is the letter of explanation given to the board in 2021, the letter from the Granados family (504 Derby, they share the entryway), and the pictures you requested. The bench, which has been in place since 2018, clearly meets the Civ. Code § 4760 of the Fair Housing Act guidelines for reasonable accommodation. The bench does not obstruct access or use of the entryway and is not accessed by general foot traffic. As stated in our letter of explication, the bench is medically necessary for our son, he has a permanent medical condition that requires access to seating without notice, and the bench is imperative to his safety.

24.    MALISA ROBLES also called Donalea Bauer, the Vice President of Lordon, to ensure that the bench would not be removed. Ms. Bauer was unable to confirm whether proper notice had been sent to Plaintiffs or if Lordon had even presented Plaintiffs' reasonable accommodation request to the Board.

25.    Plaintiffs understood that Defendants would address this accommodation request in a meeting in August 2023. However, based on information and belief, Defendants failed to do so. Defendants later informed MALISA ROBLES that the request would be addressed in September 2023, but again, based on information and belief, they failed to take any action. Instead, Defendants continued to impose fines on Plaintiffs for the bench. A February 21, 2024 statement from the new management company retained by the HOA showed a

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

balance of $2,850.85 in fines and that the HOA intended to place a lien on their condominium.[2]  Plaintiffs declined to pay the fines.

26.    Most recently, in a statement dated July 17, 2024, the HOA, through the new management company, informed Plaintiffs that the fine has increased to $3,400.85

27.    Accordingly, Plaintiffs have had no choice but to initiate this litigation.

### FIRST CAUSE OF ACTION:
### VIOLATION OF THE FEDERAL FAIR HOUSING ACT
### (42 U.S.C. § 3601 et seq.)

28.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 27, above, and incorporates them herein by reference as if separately repleaded hereafter.

29.    Defendants have violated the FHA including, but not limited to, 42 U.S.C. §3604(f)(3)(B) which makes it unlawful to discriminate by refusing "to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling."

30.    Defendants had actual knowledge that Plaintiff ANDREW ROBLES is a person with a disability.  Plaintiffs affirmatively requested that Plaintiff ANDREW ROBLES be allowed to have a bench next to the entrance/exit to his condominium at the Property. Defendants repeatedly refused or failed to respond to the requests for accommodations.

31.    Defendants maintain a pattern and practice of denying Plaintiffs full and equal access to their dwelling by refusing to grant the accommodation request.

32.    Based upon the foregoing, Plaintiffs are entitled to actual damages,

---

[2] This statement was written on behalf of the HOA by the new management company Progressive Association Management.

1  punitive and exemplary damages as set forth below.

2      WHEREFORE, Plaintiffs pray for damages and injunctive relief as

3  hereinafter stated.

4

5                    **SECOND CAUSE OF ACTION:**

6  **VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING**

7                              **ACT**

8             **(Cal. Government Code § 12955 et. seq.)**

9      33.    Plaintiffs re-plead and incorporate by reference, as if fully set forth

10  hereafter, the factual allegations contained in Paragraphs 1 through 32 of this

11  Complaint and incorporates them herein as if separately re-pleaded.

12     34.    The Fair Employment and Housing Act (FEHA) prohibits

13  discrimination on the basis of disability in housing.  Gov. C. § 12955 *et seq.*

14     35.     The subject premises is a "housing accommodation" within the

15  meaning of FEHA. Cal. Gov't Code § 12927.

16     36.    Based upon the foregoing, Defendants have violated the protections of

17  FEHA by failing to modify policies and practices to provide reasonable

18  accommodations to Plaintiff ANDREW ROBLES, including changes in policies,

19  programs and procedures that allow persons with disabilities to enjoy their dwelling

20  to the same extent as those without disabilities.

21     37.    Based upon the foregoing, Plaintiffs are each entitled to actual

22  damages, punitive and exemplary damages and injunctive relief as set forth below.

23      WHEREFORE, Plaintiffs pray for damages as hereinafter stated.

24

25                    **THIRD CAUSE OF ACTION:**

26  **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**

27             **(Cal. Civ. Code § 54 et seq.)**

28     38.    Plaintiffs re-plead and incorporate by reference, as if fully set forth

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1  again herein, the allegations contained in Paragraphs 1 through 37 of this

2  Complaint and incorporates them herein as if separately re-pleaded.

3      39.   The Disabled Persons Act (DPA) requires, "Individuals with

4  disabilities shall be entitled to full and equal access, as other members of the

5  general public, to all housing accommodations offered for rent, lease, or

6  compensation in this state, subject to the conditions and limitations established by

7  law, or state or federal regulation, and applicable alike to all persons."  Civ. C. §

8  54.1(b)(1).

9      40.   The subject premises is a housing accommodation within the meaning

10  of Civil Code section 54.1(b)(2).  Plaintiff ANDREW ROBLES is a person with a

11  disability within the meaning of the DPA, and Plaintiffs MALISA AND DANIEL

12  ROBLES are an aggrieved person by her close association with him.

13      41.   Based upon the foregoing, Defendant has violated the DPA as follows:

14          a.   Denying Plaintiffs full and equal access to their housing

15              accommodations, (Civ. C. § 54.1(b)(1));

16          b.   Refusing to "make reasonable accommodations in rules,

17              policies, practices, or services, when those accommodations

18              may be necessary to afford individuals with a disability equal

19              opportunity to use and enjoy the premises."  (Civ. C. §

20              54.1(b)(3)(B));

21      42.   Plaintiffs have suffered actual damage as a result of such failures

22  which they allege is the result of Defendants' knowing and intentional violation of

23  their rights as a disabled person and a person associated with a disabled person

24  under California Law.

25      43.   Based upon the foregoing, Plaintiffs are entitled to statutory damages,

26  actual damages, punitive and exemplary damages as set forth below.

27      WHEREFORE, Plaintiffs request relief as outlined below.

28

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

# FOURTH CAUSE OF ACTION:

## VIOLATION OF UNRUH CIVIL RIGHT ACT

### (Cal. Civ. Code § 51 *et. seq.*)

44.     Plaintiffs re-plead and incorporate by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 43 of this Complaint and incorporates them herein as if separately re-pleaded.

45.     At all times herein mentioned, the Unruh Civil Rights Act, California Civil Code 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

46.     Defendants operate a business establishment and Plaintiff ANDREW ROBLES is a person with a disability within the meaning of the Unruh Act. Furthermore, Plaintiffs MALISA ROBLES and DANIEL ROBLES are persons closely associated with a person with a disability.

47.     Defendants violated the Unruh Act by its acts and omissions, including but not limited to, failure and refusal to modify the policies and procedures as necessary to ensure Plaintiffs full and equal access to the accommodations, advantages, facilities, privileges, or services;

48.     Plaintiffs do not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into Unruh, Civil Code section 51(f). They claim a violation of Civil Code section 51(b), independently of the ADA under State law.

49.     Plaintiffs are informed, believes and thereon allege that Defendants' behavior, as alleged herein, was intentional: Defendants were aware and/or were made aware of its duties to refrain from establishing discriminatory policies and/or barriers preventing physically disabled persons from accessing its facilities, prior to

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
11

1  the filing of this Complaint.

2      50.    Defendants' stubborn refusal to provide Plaintiff ANDREW ROBLES

3  with reasonable accommodation and instead resorting to fining Plaintiffs

4  demonstrates a knowing and conscious disregard for the law in general and an

5  intentional denial of rights of disabled residents in particular. Such conduct justifies

6  an award of treble, punitive and exemplary damages in addition to all other relief

7  sought.

8      WHEREFORE, Plaintiffs request relief as outlined below.

9

10                          **PRAYER**

11     Plaintiffs have suffered injury as a result of the unlawful acts, omissions,

12 policies, retaliation, and practices of the Defendant as alleged herein. Plaintiffs and

13 Defendants have an actual controversy and opposing legal positions as to

14 Defendant's violations of the laws of the United States and the State of California.

15     WHEREFORE, Plaintiffs prays for judgment and the following specific

16 relief against Defendants:

17     1.    An order enjoining Defendants, their agents, officials, employees, and

18 all persons acting in concert with them:

19          a.    From continuing the unlawful acts, conditions, and practices

20               described in this Complaint;

21          b.    To provide a policy and procedure consistent with California

22               and federal law to provide reasonable accommodations for

23               persons with disabilities who live at the building or who wish to

24               do so;

25          c.    Grant Plaintiffs' reasonable accommodation request;

26          d.    To train Defendants' employees and agents in how to

27               accommodate the rights and needs of disabled persons; and

28

PLAINTIFFS' COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
12

       e.    To implement nondiscriminatory protocols, policies, and practices for accommodating persons with disabilities.

2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible facilities and policies as complained of herein no longer occur, and cannot recur;

3.    Award to Plaintiffs all appropriate damages, including but not limited to statutory damages, general damages, punitive, and treble damages in amounts within the jurisdiction of the Court, all according to proof;

4.    Award to Plaintiffs all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by law;

5.    Award prejudgment interest pursuant to Civil Code section 3291; and

6.    Grant such other and further relief as this Court may deem just and proper.

Date: September 12, 2024           ALLACCESS LAW GROUP

                                      */s/ Irakli Karbelashvili*
                                   By IRAKLI KARBELASHVILI, Esq.
                                   Attorney for Plaintiffs

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: September 12, 2024           ALLACCESS LAW GROUP

                                        */s/ Irakli Karbelashvili*
                                   By IRAKLI KARBELASHVILI, Esq.
                                   Attorney for Plaintiffs